

11-CV-01689-CMP

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

OCT 1 1 2011   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT   WASHINGTON

SEA44627 SWS

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CV111689 JLR

| | | |
|---|---|---|
| Plaintiff    Neil Rogers | ) | Complaint for damages due to |
| | ) | Violations of 15 U.S.C. §§1681 et seq |
| Vs. | ) | And defamation |
| | ) | Demand for Jury Trial |
| | ) | Presented by Neil Rogers, |
| Defendant | ) | Plaintiff, Pro Se |
| JPMorgan Chase Bank, N.A. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Neil Rogers, acting pro se, brings this action for actual, compensatory, and

punitive damages, costs, a letter of confirmation, and legal fees for violations of 15

U.S.C. §§1681 et seq (Fair Credit Reporting Act) and the pendent state claim of

defamation.  Plaintiff Rogers, proceeding without counsel, files this complaint, demands

a jury trial, and alleges the following:

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

## PARTIES

1.0  That the plaintiff, Neil Rogers ("Rogers"), a natural person, was a resident of King

County, Washington State at the time the causes of action occurred, and is still a

resident of King County, Washington State.  Plaintiff is a "consumer" as set out in 15

U.S.C. §1681a(c).

2.0  That the defendant  is JP Morgan Chase Bank, National Association ("Chase"), who

is a "financial institution" and a "person" as defined by 15 U.S.C. §1681a(t) and -(b)

respectively.  Chase is a "National Bank" which is chartered and regulated by the United

States Department of the Treasury, Office of the Comptroller of the Currency, and is a

person who furnishes information to consumer reporting agencies under 15 U.S.C.

§1681s-2.  Chase had branch offices in King County, Washington at all times relevant to

this action.

## JURISDICTION

3.0  Subject Matter Jurisdiction:

3.1  That the United States District Court for the Western District of Washington at

Seattle has original jurisdiction because violations of Federal laws 15 U.S.C. §§1681 et

seq. are alleged, and 28 U.S.C. §1331 gives Federal courts jurisdiction over Federal

questions of law.

3.2  That liabilities created by defendant's alleged violations of 15 U.S.C. §1681n, -o,

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

and –s2b create subject matter jurisdiction for Federal District Courts under 15 U.S.C. §1681p, "without regard to the amount in controversy".

3.3  That this action to enforce liabilities under United States Code Title 15 Chapter 41 Subchapter III is made within the parameters of 15 U.S.C. §1681p.  This action is brought not later than 2 years after the date of discovery of the violations, March 31, 2010,  by plaintiff Rogers and is brought not later than 5 years after the date on which the violations that are the basis for the liabilities occurred, March 20, 2010 .

3.4   Pursuant to 28 U.S.C. §1367, Rogers' application for relief under Washington State common law for damages inflicted on him by Chase as a result of Chase's defamation of Rogers should be tried in the United States District Court for the Western District of Washington at Seattle because it arises from the same nucleus of facts as his 15 U.S.C. §§1681 et seq. claims.

4.0  Personal Jurisdiction:  At all times relevant to the alleged causes of action, Chase had been conducting purposeful, substantial, continuous, and systematic banking and related business, commerce, advertising, and transactions at numerous branch offices in King County, Washington, including the branch offices involved in the alleged causes of action.

VENUE

5.0  Venue in the United States District Court for the Western District of Washington at Seattle is proper.   Before and at the times the causes of action occurred, Chase had been conducting purposeful, substantial, continuous, and systematic banking and

COMPLAINT

related business, commerce, advertising, and transactions at numerous Chase branch offices in King County, Washington, including the branch offices involved in the alleged causes of action. That makes Chase subject to personal jurisdiction at the United States District Court for the Western District of Washington at Seattle. Therefore, under 29 U.S.C. §1391b and -c, venue in the United States District Court for the Western District of Washington at Seattle is proper.

BACKGROUND

6.0 On January 25, 2010, Rogers tried to get a refinance loan from Wells Fargo Bank in Kent, Washington. The loan officer there told Rogers that they could not give Rogers any kind of loan because Rogers had a "Suspected Fraud Activity" designation in his ChexSystems, Inc. ("ChexSystems") consumer file. ChexSystems, Inc. is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §1681a(p). He told Rogers that Rogers could not even open a new checking account at Wells Fargo Bank because of the Chexsystems "Suspected Fraud Activity" designation. On January 28, 2010 Rogers tried to open a checking account at Homestreet Bank in Kent, Washington. A banker at Homestreet Bank told Rogers that he could not open a checking account because Rogers had a "Suspected Fraud Activity" designation in his Chexsystems "file", as defined in 15 U.S.C. §1681a(c).

6.1 Rogers obtained a copy of his ChexSystems "consumer report" as defined in 15 U.S.C. §1681a(d) dated February 3, 2010. On it was written, among other things,

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

"Source of Information: JP MORGAN CHASE" and "Reported For: SUSPECTED

FRAUD ACTIVITY". See Exhibit A, attached hereto and incorporated by this reference.

6.2  On February 5, 2010, Rogers went to the Chase bank branch office at 23630 104th

Avenue Southeast, Kent, Washington and showed the branch manager the February 3,

2010 Chexsystems report. See Exhibit A, attached hereto and incorporated by this

reference.  Rogers asked the Chase bank manager to have ChexSystems correct the

erroneous "Suspected Fraud Activity" designation.   The manager said that she would

investigate the matter and take appropriate measures.

6.3  On February 8, 2010 the same Chase bank manager gave Rogers fourteen pages

from Chase  "BOS Escalations", Ticket 00126175015". See Exhibit  B, attached hereto

and incorporated by this reference.   These papers document the "Washington Mutual

Bank Individual Master Account Agreement" used to fraudulently open Chase account

x704-7, the account that an imposter opened fraudulently in Rogers' name. The

manager reviewed these papers with Rogers and agreed that Rogers had nothing to do

with any fraud or wrongdoing regarding account  x704-7.  Rogers asked the manager

why Chase had never informed him of this fraud.  She said that she did not know.

Rogers asked her if Rogers would still have any ChexSystems or other holds or

negative reports or adverse records related to this error.  She said "No", and that she

would clear the ChexSystems fraud designation from all of Rogers' files at

ChexSystems and Chase and that Rogers would have no more problems from this error

and that Rogers had no financial or other obligations whatsoever because of it.

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

6.4  On February 23, 2010 Rogers tried to get a refinance loan from Wells Fargo Bank in Kent, Washington.  A personal banker at the Wells Fargo Bank told Rogers that the "Suspected Fraud Activity" designation was still on his ChexSystems file and therefore Rogers could not get a loan from Wells Fargo.

6.5 That same day, February 23, 2010, Rogers went to the Chase branch at 512 West Smith Street, Kent, Washington  and asked one of the personal bankers why the "Suspected Fraud Activity" designation was still in Rogers' ChexSystems file.  Rogers explained that he had been told by a Chase manager at 23630 104th Avenue Southeast, Kent, Washington on February 8th,  2010 that the ChexSystems "Suspected Fraud Activity" designation would be deleted by Chase.  The Chase personal banker said that the correction had probably just not been transmitted yet, and that he make sure it got removed.

6.6 On March 19, 2010 Rogers went to Plaza Bank in Kent, Washington to open a checking account.  A personal banker there told Rogers that the "Suspected Fraud Activity" designation was still on his ChexSystems consumer file, and that prevented Plaza Bank from opening a checking account for Rogers.  Then, also on March 19, 2010, Rogers went to the Chase branch at 512 W Smith Street, Kent, Washington.  Rogers talked to the branch manager and told her that the "Suspected Fraud Activity" label had still not been removed from Rogers' ChexSystems consumer file.  Rogers asked her to direct Chexsystems to correct the error.  She told Rogers that she would NOT ask ChexSystems to correct the error and that she would NOT help Rogers in any

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

way to get the ChexSystems "Suspected Fraud Activity" error corrected.   At this point Rogers began feeling mortified, frightened, embarrassed, ashamed, humiliated and anxious.

6.7 From March 19, 2010 through May 3, 2010 Rogers spoke several times each with the Chase Check Transaction Forgery Department at 866-564-2262, the Chase Deposit Account Recovery Department at 877-287-7303, and the Chase Loss Prevention Department at 877-691-8086. Rogers asked each department several times to direct ChexSystems to delete the "Suspected Fraud Activity" designation from his file.   The "Suspected Fraud Activity" designation was not removed.

6.8 After having no success by directly asking Chase to correct their error, on March 20, 2010 Rogers wrote a letter (see Exhibit C, attached hereto and incorporated by this reference) to ChexSystems, demanding them to verify the "Suspected Fraud Activity" designation.   ChexSystems communicated Rogers' investigation demand to Chase.

6.9 On March 31, 2010, after communicating with Chase, ChexSystems replied to Rogers.  They wrote, "The disputed information submitted by JP Morgan Chase has been changed at the request of the source of the information [Chase].  The reported information has been changed to Settled in full.  With this change they [Chase] have verified the information to be accurate and complete as reported.  Therefore, it has been retained in your file." See Exhibit D, attached hereto and incorporated by this reference. (Emphasis by Rogers.)

6.10 However, the designation "Suspected Fraud Activity" was still on Rogers'

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

ChexSystems file and report. Chase had not directed ChexSystems to change or delete the "Suspected Fraud Activity" designation.  Chase had inexplicably "verified" that their incorrect "Suspected Fraud Activity" designation was correct, even after ChexSystems had specifically directed Chase to investigate and validate it.  The end result was that Chexsystems still communicated and published to most banks across the United States that Rogers was, in effect, suspected of committing fraudulent banking activity.

6.11 On January 25, 2011 Rogers went to US Bank on Fourth Avenue, Kent, Washington and asked to open a checking account.  A personal banker there told Rogers that they could not open a checking account for Rogers because there was a "Suspected Fraud Activity" designation in Rogers' ChexSystems consumer file.

6.12  Also on January 25, 2011, Rogers went to the Chase branch at 512 West Smith Street, Kent, Washington and asked the manager why Chase did not remove the "Suspected Fraud Activity" designation on Rogers after receiving the 15 U.S.C. §1681i(a) notice from ChexSystems.  The manager there refused to assist Rogers with the matter.

6.13 On January 27, 2011 Rogers wrote a letter, see Exhibit E attached hereto and incorporated by this reference, to ChexSystems demanding them to validate the "Suspected Fraud Activity" designation with Chase and to forward all relevant documents to Rogers.

6.14 On February 2, 2011 Chexsystems replied:  ". . . the reinvestigation of information contained in your consumer file at ChexSystems is complete.  The disputed information

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

submitted by JP Morgan Chase has been changed at the request of the source of the information [Chase]. The reported information has been changed to Settled in full. <u>With this change they [Chase] have verified the information to be accurate and complete as reported. Therefore, it has been retained in your file.</u>" See Exhibit F attached hereto and incorporated by this reference. (Emphasis by Rogers.) The designation "Suspected Fraud Activity" was still on Rogers' ChexSystems file and report. Again, Chase had not directed ChexSystems to change or delete the "Suspected Fraud Activity" designation. Chase once again had inexplicably "verified" that their incorrect "Suspected Fraud Activity" information was correct, even after ChexSystems had specifically directed Chase to investigate and validate it. The end result was that Rogers' Chexsystems still published to most banks across the United States that Rogers was, in effect, suspected of committing fraudulent banking activity.

6.15 For the third time, on March 29, 2011 Rogers wrote a letter to ChexSystems asking them to direct Chase to investigate the information and remove the "Suspected Fraud Activity" designation from Rogers' ChexSystems consumer file. See Exhibit G, attached hereto and incorporated by this reference.

6.16 On April 4, 2011, Rogers wrote a letter to a Chase corporate office in Columbus, Ohio demanding that Chase explain why they had not removed the "Suspected Fraud Activity" designation from Rogers' ChexSystems consumer file. See Exhibit H, attached hereto and incorporated by this reference.

6.17 On April 7, 2011, Chase replied by letter. They wrote, "We have researched your

claim and found that account(s) x704-7 was opened fraudulently and have taken

corrective actions to make sure that this does not negatively affect you." See Exhibit I,

attached hereto and incorporated by this reference.

6.18  On April 24, 2011, ChexSystems wrote to Rogers, "The disputed information

submitted by JPMorgan Chase – Formerly WAMU has been deleted from your file."  An

accompanying ChexSystems consumer file report confirmed that the "Suspected Fraud

Activity" designation had been deleted. See Exhibit J, attached hereto and incorporated

by this reference.

CAUSES OF ACTION

FIRST CAUSE OF ACTION

7.0  Plantiff Rogers realleges, restates, and incorporates here all forgoing statements

and allegations.

7.1  First  Cause of Action:  Failure of Chase to conduct an investigation pursuant to

receiving a 15 U.S.C. §1681i(a) notification from Chexsystems, in violation of 15 U.S.C.

§1681s(2)(b)(1)(A).

7.2  On March 20, 2010 Rogers wrote a letter to ChexSystems directing them to verify

the "Suspected Fraud Activity" designation in his ChexSystems consumer file.  See

Exhibit C attached hereto and incorporated by this reference,

7.3  Pursuant to 15 U.S.C. §1681i(a), Chexsystems notified Chase that Chase must

investigate the "Suspected Fraud Activity" designation and report back to ChexSystems.

COMPLAINT                                                                    Neil Rogers, Plaintiff, Pro se
                                                        22624 135th Avenue SE, Kent, WA 98042
                                                        253-639-2186  chinooktoe@yahoo.com

7.4 ChexSystems sent to Rogers a "changed" consumer report.  See Exhibit D attached

hereto and incorporated by this reference.  Unaccountably, the "Suspected Fraud

Activity" designation was still on this "changed" consumer report. ChexSystems wrote

that Chase had "verified" that the disputed information, "Suspected Fraud Activity", was

"accurate and complete as reported." Chase knew, or should have known, that the

"Suspected Fraud Activity" designation that they had reported to ChexSystems was

false because their own documentation proved that it was false, and a Chase branch

manager had confirmed that it was false, and Chase had, or, at least, was supposed to

have, investigated the "Suspected Fraud Activity" designation when they got the 15

U.S.C. §1681i(a) notice from ChexSystems, and Chase themselves ultimately admitted

that it was false.  Even a cursory investigation by Chase would have revealed that

Rogers should not have ever been labeled "Suspected [of] Fraud Activity". Yet Chase

had willfully, maliciously,  and recklessly, or, in the alternative, negligently, failed to

investigate the "Suspected Fraud Activity" designation in Rogers' Chexsystems

consumer file, in violation of 15 USC §1681s(2)(b)(1)(A).

DAMAGES

7.5  Chase had willfully, maliciously, and recklessly failed to investigate the false,

unverified "Suspected Fraud Activity" designation in Rogers' Chexsystems consumer

file, in violation of 15 USC §1681s(2)(b)(1)(A), making Chase liable to Rogers under 15

U.S.C. §1681n for actual and punitive damages, costs, and attorney fees, or, in the

alternative, Chase negligently failed to investigate the "Suspected Fraud Activity"

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

designation in Rogers' ChexSystems file, in violation of 15 USC §1681s(2)(b)(1)(A)

making Chase liable to Rogers under 15 U.S.C. §1681o for actual damages, costs and

attorney fees.

7.6  Restrictions on Banking:  Rogers tried to open a checking account in the following

banks between January 25, 2010 and April 7, 2011 but was denied by the banks

because of the "Suspected Fraud Activity" label that Chase had caused to be put on

Rogers' Chexsystems file:  Wells Fargo Bank, US Bank,  Bank of America, Plaza Bank,

Homestreet Bank.  In addition, Washington Federal Savings and Loan, Key Bank, and

Cathay Bank said that they would not let Rogers open any account with them with a

"Suspected Fraud Activity" designation on his ChexSystems report. This put a severe

restriction on Rogers' choice of banking services from January 25, 2010 through April 7,

2011, in effect making Chase the only bank he could use.

7.7 Restrictions on Refinancing:  Rogers tried to get a residential refinance loan but was

rejected from the following banks from January 25, 2010 through April 7, 2011 because

of the "Suspected Fraud Activity" designation:  Wells Fargo Bank, US Bank, and Bank

of America.  In addition, Washington Federal Savings and Loan, Key Bank, and Cathay

Bank said that they would not let Rogers refinance with them with the "Suspected Fraud

Activity" on his ChexSystems report. This put a severe restriction from February 23,

2010 through April 7, 2011 on Rogers' ability to refinance his home, in effect making

Chase the only bank Rogers could use to refinance his home.

7.8 Emotional Distress: On March 19, 2010 when Rogers first realized that he could not

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

open any account or apply for any loan at the banks in his locale, Rogers was mortified, frightened, embarrassed, ashamed, and anxious. Rogers was aware that fraud is a serious crime, a felony, and Rogers feared that he had somehow been falsely implicated in a crime, and he feared that he would be arrested and detained for months before the truth was finally sorted out. He feared that he may be severely restricted in his banking and credit choices in the future or even totally denied access to banking or credit forever. These harms occurred from March 19, 2010 through April 7, 2011.

7.9 Humiliation: From February 5, 2010 through April 7, 2011 Rogers was made to feel humiliated and embarrassed every time he tried to get new banking services and every time he asked Chase to correct their error.

7.10 Damage to Reputation: From February 5, 2010 through April 7, 2011 Rogers could not open an account or get a loan from any banks near his home or work because his reputation as a responsible consumer was blackened due to Chase's malicious, willful, and reckless conduct.

SECOND CAUSE OF ACTION

8.0 Plaintiff Rogers realleges, restates, and incorporates here all forgoing statements and allegations.

8.1 Second Cause of Action: First failure of Chase to review all relevant information provided by ChexSystems as mandated under 15 U.S.C. §1681s(2)(b)(1)(B) and pursuant to the 15 U.S.C.§1681i(a) notice.

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

8.2 On March 20, 2010, Rogers requested Chexsystems to direct Chase to investigate the disputed "Suspected Fraud Activity" information. See Exhibit C attached hereto and incorporated by this reference. On March 31, 2010, ChexSystems sent Rogers a "changed" consumer report in response. See Exhibit D  attached hereto and incorporated by this reference. The "Suspected Fraud Activity" designation was still on this report.  ChexSystems wrote that Chase "verified" that the disputed information, including "Suspected Fraud Activity", was "accurate and complete as reported."

8.3 Chase knew, or should have known, that the "Suspected Fraud Activity" designation that they had reported to ChexSystems was false because their own documentation proved that it was false, and a Chase branch manager had confirmed that it was false, and Chase had, or, at least, was supposed to have, investigated the "Suspected Fraud Activity" designation when they got the 15 U.S.C. §1681i(a)  notice from ChexSystems, and Chase ultimately admitted that it was false.  Even a cursory investigation by Chase would have revealed that Rogers should not have ever been labeled "Suspected [of] Fraud Activity".

8.4 Chase failed to correct their error because Chase had willfully, maliciously,  and recklessly, or, in the alternative, negligently, failed to review  all relevant information provided by ChexSystems related to the "Suspected Fraud Activity" information as directed in the ChexSystems 15 U.S.C. §1681i(a) notice to investigate, in violation of 15 U.S.C. §1681s(2)(b)(1)(B).

DAMAGES

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

8.5 Paragraphs 7.6 through 7.10 are repeated and incorporated here.

8.6 Chase's willful, malicious, and reckless violation of 15 USC §1681s(2)(b)(1)(B) makes Chase liable to Rogers for actual damages, punitive damages, and costs and attorney's fees under 15 U.S.C. §1681n, or, in the alternative, Chase negligently violated 15 USC§1681s(2)(b)(1)(B), which makes Chase liable to Rogers for actual damages, and costs and attorney's fees under 15 U.S.C. §1681n.

THIRD CAUSE OF ACTION

9.0 Plantiff Rogers realleges, restates, and incorporates here all forgoing statements and allegations.

9.1 Third Cause of action: First failure of Chase to modify, delete, or permanently block the inaccurate, unverified "Suspected Fraud Activity" designation pursuant to receiving the 15 U.S.C. §1681i(a) notification from Chexsystems, in violation of 15 USC §1681s(2)(b)(1)(E).

9.2 On March 31, 2010, Rogers received a Chexsystems report in response to his March 20, 2010 letter to Chexsystems. See Exhibit D attached hereto and incorporated by this reference. The "Suspected Fraud Activity" designation was still on this report. Chase knew, or should have known, that the "Suspected Fraud Activity" designation that they had reported to ChexSystems was false because their own documentation proved that it was false, and a Chase branch manager had confirmed that it was false, and Chase had, or, at least, was supposed to have, investigated the "Suspected Fraud Activity" designation when they got the 15 U.S.C. §1681i(a) notice from ChexSystems,

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

and Chase ultimately admitted that it was false.  Even a cursory investigation by Chase

would have revealed that Rogers should not have ever been labeled "Suspected [of]

Fraud Activity".  Yet Chase had willfully, maliciously,  and recklessly failed to modify,

delete, or permanently block the false, unverified "Suspected Fraud Activity" designation

in Rogers' Chexsystems consumer file, in violation of 15 USC§1681s(2)(b)(1)(E).

DAMAGES

9.3  Paragraphs 7.6 through 7.10 are repeated and incorporated here.

9.4 Chase is liable to Rogers under 15 U.S.C. §1681n for actual and punitive damages,

costs, and attorney fees for willfully, maliciously, and recklessly violating 15 USC

§1681s(2)(b)(1)(E) by failing to modify, delete, or permanently block the false, unverified

"Suspected Fraud Activity" designation in Rogers' ChexSystems file, or, in the

alternative, for negligently failing to modify, delete, or permanently block the false,

unverified "Suspected Fraud Activity" designation in Rogers' ChexSystems file, in

violation of 15 USC§ 1681s(2)(b)(1)(E) making Chase liable to Rogers under 15 U.S.C.

§1681o for actual damages, costs and attorney fees.

FOURTH CAUSE OF ACTION

10.0  Plantiff Rogers realleges, restates, and incorporates here all forgoing statements

and allegations.

10.1 Fourth Cause of Action:  Second time Chase failed to investigate in response to a

15 U.S.C. §1681i(a) notification from Chexsystems, in violation of 15 U.S.C.

§1681s(2)(b)(1)(A).

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

10.2 On January 27, 2011  Rogers wrote a letter to ChexSystems telling them to validate the "Suspected Fraud Activity" designation with Chase and to forward all relevant documents to Rogers. See Exhibit E attached hereto and incorporated by this reference.

10.3 Pursuant to 15 U.S.C. §1681i(a), Chexsystems notified Chase that Chase must investigate the "Suspected Fraud Activity" designation.

10.4 Chase reported back to Chexsystems that they had "verified" that the "Suspected Fraud Activity" designation on Rogers was "accurate and complete". See Exhibit F attached hereto and incorporated by this reference.  Chase knew, or should have known, that the "Suspected Fraud Activity" designation that they had reported to ChexSystems was false because their own documentation proved that it was false, and a Chase branch manager had confirmed that it was false, and Chase had, or, at least, was supposed to have, investigated the "Suspected Fraud Activity" designation when they got the 15 U.S.C. §1681i(a),  notice from ChexSystems, and Chase ultimately admitted that it was false.  Even a cursory investigation by Chase would have revealed that Rogers should not have ever been labeled "Suspected [of] Fraud Activity". Yet Chase had willfully, maliciously, and recklessly, or, in the alternative, negligently, failed to investigate the "Suspected Fraud Activity" designation in Rogers' Chexsystems consumer file, in violation of 15 USC §1681s(2)(b)(1)(A).

<u>DAMAGES</u>

10.5 Paragraphs 7.6 through 7.10 are repeated and incorporated here.

COMPLAINT                                              Neil Rogers, Plaintiff, Pro se
                                            22624 135th Avenue SE, Kent, WA 98042
                                              253-639-2186  chinooktoe@yahoo.com

10.6 Chase had willfully, maliciously, and recklessly, or, in the alternative, negligently, failed to investigate the false, unverified "Suspected Fraud Activity" designation in Rogers' Chexsystems consumer file, in violation of 15 USC §1681s(2)(b)(1)(A), making Chase liable to Rogers under 15 U.S.C. §1681n for actual and punitive damages, costs and attorney fees, or, in the alternative, Chase negligently failed to modify, delete, or permanently block the false, unverified "Suspected Fraud Activity" designation in Rogers' ChexSystems file, in violation of 15 USC §1681s(2)(b)(1)(A) making Chase liable to Rogers under 15 U.S.C. §1681o for actual damages, costs and attorney fees.

FIFTH CAUSE OF ACTION

11.0  Plantiff Rogers realleges, restates, and incorporates here all forgoing statements and allegations.

11.1 Fifth Cause of Action:   Second failure of Chase to review all relevant information provided by Chexsystems as mandated under 15 U.S.C. §1681s(2)(b)(1)(B) and pursuant to ChexSystem's 15 U.S.C. §1681i(a) notice.

11.2 On January 27, 2011 Rogers sent a letter to ChexSystems requesting that they validate any fraud information with Chase.  See Exhibit D attached hereto and incorporated by this reference.  In response,  ChexSystems sent  Rogers a "changed" consumer report.  See Exhibit E attached hereto and incorporated by this reference. Unaccountably, the "Suspected Fraud Activity" designation was still on this "changed" consumer report. ChexSystems wrote that Chase had "verified" that the disputed information, "Suspected Fraud Activity", was "accurate and complete as reported."

11.3  Chase knew, or should have known, that the "Suspected Fraud Activity" designation that they had reported to ChexSystems was false because their own documentation proved that it was false, and a Chase branch manager had confirmed that it was false, and Chase had, or, at least, was supposed to have, investigated the "Suspected Fraud Activity" designation when they got the 15 U.S.C. §1681i(a)(2)(A) notice from ChexSystems, and Chase themselves ultimately admitted that it was false. Even a cursory investigation by Chase would have revealed that Rogers should not have ever been labeled "Suspected [of] Fraud Activity".  Yet Chase had willfully, maliciously, and recklessly, or, in the alternative, negligently, failed to review all relevant information provided by ChexSystems regarding the "Suspected Fraud Activity" designation in Rogers' Chexsystems consumer file, in violation of 15 USC §1681s(2) (b)(1)(B).

### DAMAGES

11.4  Paragraphs 7.6 through 7.10 are repeated and incorporated here

11.5  Chase's willful, malicious,  and reckless violation of  15 USC §1681s(2)(b)(1)(B) makes Chase liable to Rogers for actual damages, punitive damages, and costs and attorney's fees under 15 U.S.C. §1681n, or, in the alternative,  Chase negligently violated 15 USC §1681s(2)(b)(1)(B), which makes Chase liable to Rogers for actual damages, and costs and attorney's fees under 15 U.S.C. §1681o .

### SIXTH CAUSE OF ACTION

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

12.0 Plantiff Rogers realleges, restates, and incorporates here all forgoing statements and allegations.

12.1 Sixth Cause of action: Second failure of Chase to modify, delete, or permanently block the "Suspected Fraud Activity" designation.

12.2 On February 2, 2011, Rogers received a Chexsystems report in response to his January 27, 2011 letter to ChexSystems. See Exhibit E attached hereto and incorporated by this reference. The "Suspected Fraud Activity" designation was still on this report. Chase knew, or should have known, that the "Suspected Fraud Activity" designation that they had reported to ChexSystems was false because their own documentation proved that it was false, and a Chase branch manager had confirmed that it was false, and Chase had, or, at least, was supposed to have, investigated the "Suspected Fraud Activity" designation when they got the 15 U.S.C. §1681i(a) notice from ChexSystems, and Chase ultimately declared that it was false. Even a cursory investigation by Chase would have revealed that Rogers should not have ever been labeled "Suspected [of] Fraud Activity". Yet Chase had willfully, maliciously, and recklessly, or in the alternative, negligently, failed to modify, delete, or permanently block the false, unverified "Suspected Fraud Activity" designation in Rogers' Chexsystems consumer file, in violation of 15 USC §1681s(2)(b)(1)(E).

DAMAGES

12.3 Paragraphs 7.6 through 7.10 are repeated and incorporated here.

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186 chinooktoe@yahoo.com

12.4 Chase's willful, malicious, and reckless failure to modify, delete, or permanently block the false "Suspected Fraud Activity" designation makes Chase liable to Rogers under 15 U.S.C. §1681n for actual and punitive damages, costs and attorney fees, or, in the alternative, Chase negligently failed to modify, delete, or permanently block the designation in Rogers' ChexSystems file, in violation of 15 U.S.C. §1681s(2)(b)(1)(E) making Chase liable to Rogers under 15 U.S.C. §1681o for actual damages, costs and attorney fees.

<u>SEVENTH CAUSE OF ACTION</u>

<u>DEFAMATION</u>

13.0  Plaintiff Rogers re-alleges, restates, and incorporates here all forgoing statements and allegations.

13.1  Seventh Cause of Action:  Defamation. Chase defamed Rogers under the common law of the State of Washington.

13.2 Jurisdiction of the Washington State defamation common law complaint:  Before and at the times the causes of action one  through six  (paragraphs 7 through 12.4), above, occurred, Chase had been conducting purposeful, substantial, continuous, and systematic banking and related business, commerce, and transactions at numerous Chase branch offices in King County, Washington, including the branch offices involved in the causes of action one through six above.

13.3  Rogers was a resident of King County in the state of Washington at all relevant times before, during, and after this cause of action occurred.

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

13.4  Transactions and communications related to this cause of action occurred in King County, Washington.

13.5  The Federal District Court of Western Washington has jurisdiction over all matters in this case, including the defamation claim, that would otherwise be heard in a Washington state court:  Pertaining here, Federal district courts with original jurisdiction over a case shall have supplemental jurisdiction over all other claims that form part of the same case or controversy.  See Title 28 U.S.C. §1367a.

<u>BACKGROUND OF DEFAMATION CLAIM</u>

14.0  Plantiff Rogers realleges, restates, and incorporates here all forgoing statements and allegations.

14.1  Chase made communications about Rogers to Chexsystems which deterred third persons, including banks, from dealing with him.  Those communications were defamatory. As declared in the Second Restatement of Torts 559: "A communication is defamatory if it tends so to harm the reputation of another as to deter third persons from . . . dealing with him."

14.2 The elements of the tort of defamation in Washington state are:  1. Falsity

2.  Unprivileged communications  3.  Fault, and 4. Damages.

<u>CAUSES OF ACTION OF DEFAMATION CLAIM</u>

14.3 Falsity:  Chase made false statements to a nationwide credit reporting agency, Chexsystems, between February 5, 2010 and  April 7, 2011.  .

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com

14.4 Unprivileged communication: The communications by Chase to Chexsystems were unprivileged because: a. Chase knew, or should have known, that they were false, and b. Chase acted in reckless disregard as to the truth or falsehood of these communications with Chexsystems.

14.5 Fault: It is Chase's fault alone that Chase stated false and defamatory things about Rogers to Chexsystems.

14.6 Starting on February 5, 2010, Chase was informed by Rogers at least ten times that the "Suspected Fraud Activity" designation that Chase had directed ChexSystems to put on Rogers was incorrect. Chase did not correct its error until April 7, 2011. Chase knew, or should have known, that Rogers was not involved in any way with Chase account x704-7 or with any fraud involving Chase, yet Chase stated to Chexsystems the opposite and continued to state the falsehood even after Rogers informed them many times of their error.

14.7 Chase knowingly stated false information about Rogers to Chexsystems. Chase willfully, maliciously, and recklessly made those false statements in spite of knowing that they were false, or, in the alternative, negligently chose to ignore whether the statements were false or not.

DAMAGES

14.8 Rogers should be compensated for the severe restriction put on his banking and credit choices, emotional distress, humiliation, and damage to his reputation caused by

COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186 chinooktoe@yahoo.com

Chase's defamation of Rogers from February 5, 2010 through April 7, 2011 as enumerated in 7.6 through 7.10 repeated and incorporated here.

14.9 Rogers asks for monetary compensation and relief for the actual damages caused by Chase as stated in 14.0 through 14.94, in an amount to be determined at trial, equivalent legal fees, and any other relief the Court may determine is proper.

.                              PRAYER

WHEREFORE, Plaintiff Rogers prays for a judgment against the defendant JP Morgan Chase Bank, N.A., and relief as follows:

15.0  On his first, second, third, fourth, fifth, and sixth Causes of Action, actual and/or compensatory and/or punitive damages in an amount to be determined at trial, and his costs and equivalent legal fees and any other relief the Court may determine is proper.

15.1. On his seventh Cause of Action, actual and/or compensatory and/or punitive damages in an amount to be determined at trial, and his costs and equivalent legal fees and any other relief the Court may determine is proper.

15.2. A letter from Chase to Rogers on JPMorgan Chase Bank letterhead stating, "Mr. Neil J. Rogers, whose social security number is xxx-xx-xxxx (insert true social security number) and birthdate is xx/xx/xxxx (insert true birthdate) has never, to our knowledge, committed any kind of fraud whatsoever.  Specifically, Mr. Rogers was the victim, not the perpetrator, of the fraud and identity theft connected with account number x704-7 issued by us, Washington Mutual/JPMorgan Chase Bank.  JP Morgan Chase Bank failed to do our lawful and fiduciary duty to Mr. Rogers by failing to correct our error after

COMPLAINT                                          Neil Rogers, Plaintiff, Pro se
                                          22624 135th Avenue SE, Kent, WA 98042
                                          253-639-2186  chinooktoe@yahoo.com
                              Page 24

Mr. Rogers had notified us of our error many times.  We apologize to Mr. Rogers for

falsely implicating him with fraud and for taking over a year to correct our error.  Here is

the telephone number and email address of [one of our Vice-Presidents] who will

personally confirm that Mr. Rogers was not responsible in any way for the fraud or

identity theft associated with account number x704-7:  (Insert here the telephone

number and email address of a Chase vice-president who can be personally contacted

for immediate confirmation of Rogers' innocence. This contact must be available to

anyone at least through December 31, 2013.)


DATED this _____ day of October, 2011.

Respectfully submitted,

By  _____
Neil Rogers, Pro Se
22624 135th Avenue Southeast
Kent, Washington   98042
Telephone 253.639.2186
chinooktoe@yahoo.com


COMPLAINT

Neil Rogers, Plaintiff, Pro se
22624 135th Avenue SE, Kent, WA 98042
253-639-2186  chinooktoe@yahoo.com